IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

### AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

I, Affiant, Special Agent (SA) Paul N. Criswell, being duly sworn deposes and states:

1. I have been employed as a Special Agent with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been employed as a law enforcement officer with the federal government since May 2003. I am currently assigned to the Border Enforcement Security Task Force (BEST) to investigate criminal violations of U.S. Law under the jurisdiction of DHS/ICE/HSI in the Greenville, SC area of operations. In 2003, I attended and graduated from the Criminal Investigator Training Program (CITP) and Customs Basic Enforcement School (CBES) while attending the Federal Law Enforcement Training Center (FLETC) in Brunswick, GA. Following the completion of both CITP and CBES, I was assigned to the HSI Office of the Resident Agent in Charge (RAC) in Greenville, SC in October 2003.

2. I have also investigated individuals and groups involved in narcotics violations, including international drug traffickers and the methods they use to conceal ill-gotten proceeds of criminal activity. These investigations, and the financial investigations associated with them, have led to the seizure and forfeiture of assets. I know:

   a. Where drug traffickers earn significant cash proceeds from the sale of drugs, the traffickers attempt to spend and enjoy these profits;

   b. Drug traffickers are aware that the spending of large amounts of cash is sometimes viewed with suspicion by businesses and can often result in

unwanted attention from law enforcement. In order to enjoy the profits from their illicit business, and yet avoid such attention from law enforcement, drug traffickers will often utilize domestic banks and other similar financial institutions;

c. Drug traffickers and money launderers very often place their assets derived from their criminal activities in names of other persons or corporate entities other than their own names, including alias names, nominee names, or they will use false names and identities in order to avoid detection of these assets by law enforcement agencies so as to avoid forfeiture of the same.

d. Drug dealers actually own and continue to use such assets derived from criminal activities and exercise dominion and control over this property, though it may be titled or recorded in the names of others.

e. Drug traffickers commonly profit and amass proceeds from the sale of drugs. In order to protect their illegal activity and be able to enjoy the proceeds of their unlawful activity, traffickers attempt to disguise and legitimize the proceeds through various money laundering methods.

f. Individuals involved in the trafficking of controlled substances generally conduct controlled substances transactions using United States currency and such individuals often maintain substantial sums of United States currency. Drug dealers who purchase larger amounts of controlled substances must maintain and have access to large amounts of cash in order to maintain their lifestyle and finance their on-going narcotics business.

      g. Drug traffickers frequently engage in money laundering in an effort to conceal the proceeds derived from the distribution of illegal drugs and present them as legitimate revenues. Drug traffickers and money launderers will also regularly utilize drug proceeds to procure goods (including but not limited to real estate, jewelry, automobiles, electronics, etc.) and services which will be used in the course of a legitimate business venture. Drug traffickers often use drug proceeds to acquire and/or operate ostensibly legitimate businesses to provide a front for their illegal activity and to facilitate the laundering of drug proceeds.

      h. Courts have recognized that unexplained wealth is probative as evidence of crimes motivated by greed, in particular, trafficking in controlled substances.

3. The information contained in this affidavit is based upon numerous sources that include but are not limited to my personal observations and the observations of other law enforcement officers, both federal and state, who are involved in this investigation; review of official police, county, and government reports; surveillance operations; and the analysis of financial records and documents. I have not included each and every fact known to me concerning this investigation. I have set fourth only the facts which I believe are necessary to establish that there is probable cause to believe that the property described below is subject to seizure and forfeiture.

## PROPERTY TO BE SEIZED

4.   (a)   All funds on deposit in Signature Bank/Flagstar Bank accounts held by
Michael Tyrone Jacobs
Signature Bank/Flagstar Bank
1400 Broadway, 16th Floor

        New York, NY 10018

(b)    All funds on deposit in M&T Bank accounts held by Michael Tyrone Jacobs
M&T Bank
P.O. Box 844
Buffalo, NY 14240-0844

(c)    All funds on deposit in JP Morgan Chase Bank accounts held by Michael Tyrone Jacobs
JP Morgan Chase
700 Kansas Lane
Monroe, LA 71203

(d)    All funds on deposit in Green Dot Corporation accounts held by Michael Tyrone Jacobs
Green Dot Corporation
P.O. Box 1460
West Chester, OH 45071

(e)    All funds on deposit in Goldman Sachs Bank accounts held by Michael Tyrone Jacobs
Goldman Sachs
200 West Street, 15th Floor
New York, NY 10282

(f)    All funds on deposit in First Bank and Trust accounts held by Michael Tyrone Jacobs
First Bank and Trust
520 6th Street
Brookings, SD 57006

(g)    All funds on deposit in Choice Financial Group accounts held by Michael Tyrone Jacobs
Choice Financial Group
4501 23rd Avenue South
Fargo, ND 58104

(h)    All funds on deposit in Bancorp Bank accounts held by Michael Tyrone Jacobs
Bancorp Bank
409 Silverside Road, Suite 105
Wilmington, DE 19809

(i)    All funds on deposit in Ally Bank accounts held by Michael Tyrone Jacobs
Ally Bank
215 South State Street, Suite 1000

    Salt Lake City, UT  84111

(j) All funds on deposit in Truist Bank account number xxxx5528 held by Michael Tyrone Jacobs
   Truist Bank
   4320 Kahn Drive
   Lumberton, NC  28358

(k) All funds on deposit in Bank of America account number xxxx3779 held by Michael Tyrone Jacobs
   Bank of America
   800 Samoset Drive
   DE5-024-02-08
   Newark, DE  19713

(l) All funds on deposit in Navy Federal Credit Union account number xxxx2853 held by  Michael Tyrone Jacobs
   Navy Federal Credit Union
   820 Follin Lane SE
   Vienna, VA  22180

(m) All funds on deposit in Capital One account number xxxx6764/1524 held by  Michael Tyrone Jacobs
   Capitol One
   15000 Capital One Drive
   Richmond, VA  23238

(n) All funds on deposit in Wells Fargo Bank account number xxxx1406 held by  Michael Tyrone Jacobs
   Wells Fargo  (Case Number: 96697523)
   Legal Order Processing
   MACD1111-01A
   P.O. Box 1416
   Charlotte, NC  28201

(o) All funds on deposit in Sutton Bank account number xxxx0157 held by Michael Tyrone Jacobs
   Sutton Bank
   1 South Main Street
   Attica, OH  44807

(p) All funds on deposit in Mercury Capital account number xxxx3279 held by Michael Tyrone Jacobs
   North Sydney
   New South Wales, Australia

  (q) All funds on deposit in Founders Federal Credit Union account number xxxx9846 held by Michael Tyrone Jacobs
    Founders Federal Credit Union
    737 Plantation Road
    Lancaster, SC 29720

## LEGAL AUTHORITY – FORFEITURE OF DRUG TRAFFICKING PROCEEDS

5. In felony drug trafficking cases, Title 21 U.S.C. § 853(a) provides for the criminal forfeiture of:

  a. any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

  b. any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

6. The forfeiture of such property vests the property's title in the United States— "upon the commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 853(c). This "relation back" principle in § 853(c) "prevent[s] defendants from escaping the impact of forfeiture by transferring assets to third parties." *United States v. Reckmeyer*, 836 F.2d 200, 203 (4th Cir.1987).

7. Under 21 U.S.C. § 853(d)(2), the government holds a rebuttable presumption that property is subject to forfeiture if it establishes by a preponderance of the evidence that such property was (1) acquired by such person during the period of the violation . . . or within a reasonable time after such period of the violation and (2) that there was no likely source for such property other than the violation. § 21 U.S.C. § 853(d); *United States v. Thomas*, 913 F.2d 1111, 1117–18 (4th Cir.1990) (under totality of the circumstances, purchase of six lots with "cash expenditures [which] vastly exceeded Thomas' legitimate income" held sufficient

to establish probable case for forfeiture of the lots as property "acquired with the proceeds of [drug] transactions").

8. Title 21 U.S.C. § 881(a) subjects, conveyances, monetary instruments, real and personal property to civil forfeiture in drug trafficking cases and provides, in pertinent part:

   a. The following shall be subject to forfeiture to the United States and no property right shall exist in them:

      i. All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter....

9. Thus, 21 U.S.C. § 881(a)(6) authorizes the forfeiture of any currency received in exchange for controlled substances, all proceeds traceable to drug sales, and all currency used to commit or to facilitate the commission of a felony violation of Title 21.

   a. In addition, Title 18, United States Code, Section 981, provides, in pertinent part:

      i. (a)(1) The following property is subject to forfeiture to the United States:

         1. Any property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting "specified unlawful activity" (as defined in [18

U.S.C. § 1956(c)(7)]), or a conspiracy to commit such offense.[1]

10. I know that unexplained wealth is probative of drug trafficking or other illicit gain. *United States v. Grandison*, 783 F.2d 1152, 1156 (1986) (finding that expenditures of large sums of cash prior to the defendant's arrest was clearly relevant in a narcotics prosecution as evidence of illegal dealings and ill-gotten gains); *United States v. Penny*, 60 F.3d 1257, 1263 (7th Cir. 1995)(finding that evidence of unexplained wealth is admissible if it creates a reasonable inference that the defendant was involved in a drug conspiracy or trafficking). Additionally, courts have held that possession of "large sums of cash" can be "strong evidence" that the cash is related to drug activity. *United States v. Currency, U.S., $147,900*, 450 Fed.Appx. 261, 264 (4th Cir.2011) (quoting *United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 501–02 (8th Cir.2004));*United States v.* Thomas, 913 F.2d 1111, 1115 (4th Cir. 1990)(evidence as to claimant's criminal record, presence of circumstances suggesting illegal drug activity on his part and documentation of expenditures far exceeding his legitimate income provided probable cause for forfeiture of cash bond and real and personal property).

## LEGAL AUTHORITY – FORFEITURE OF PROPERTY INVOLVED IN MONEY LAUNDERING

11. The property to be seized is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), which provides, in part, that any property, real or personal, which constitutes or is derived from proceeds traceable to any offense

---

[1] Pursuant to 18 U.S.C. § 1956(c)(7), drug trafficking in violation of 21 U.S.C. §§ 841(a)(1) and 846, is a specified unlawful activity ("SUA").

constituting "specified unlawful activity" (as defined in Title 18, United States Code, Section 1956 (c)(7)) is subject to forfeiture to the United States.

12. Section 1956 (c)(7) defines, in part, the term "specified unlawful activity' as "any act or activity constituting an offense listed in section 1961(1)…"

13. Drug trafficking in violation of 21 U.S.C. Sections 841 and 846 is a specified unlawful activity.

14. The property is also subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A) which provides, in part, that any property, real or personal, involved in a transaction or attempted transaction of criminally derived property in violation of Title 18, United States Code, Section 1956 and 1957, or any property traceable to such property, is subject to forfeiture to the United States.

15. Title 18 U.S.C. §1956(a)(1) makes it a crime to knowingly conduct, or attempt to conduct a "financial transaction with proceeds from "specified unlawful activity" with specific intent to conceal or disguise the source, origin, nature, ownership, or control of the proceeds in violation of 18 U.S.C. §1956(a)(1)(B)(i); or to evade reporting requirements in violation of 18 U.S.C. §1956(a)(1)(B)(ii) and 18 U.S.C. §1956(h) makes it crime to conspire to do the same. Title 18 U.S.C. §981(a)(1)(A) provides for civil forfeiture of property involved in or traceable to a money laundering transaction and 18 U.S.C. § 982(a)(1) provides for criminal forfeiture of property involved in or traceable to money laundering transaction.

16. A "transaction" includes the purchase, sale, loan, pledge, gift, transfer, delivery or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box,

or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected. A financial transaction is a transaction that in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means; or a transaction which in any way or degree affects interstate or foreign commerce involving one or more monetary instruments; or a transaction involving the use of a financial institution which is engaged in, or the activities which affect, interstate or foreign commerce in any way or degree. 18 U.S.C § 1956(c)(3) and § 1956(c)(4).

17. Courts have held unanimously that the term "property involved" should be read broadly to include the money or other property being laundered; any commissions and fees paid to the launderer; and any property involved in money laundering including property used to facilitate the money laundering offense. *United States v. Tencer*, 107 F. 3d 1120, 1135 (5th Cir 1997)(the commingling of crime proceeds with clean money makes money laundering less difficult and may even be necessary to the successful completion of the offense; court found entire bank account balance is forfeitable even though less than half the balance was criminal proceeds if the purpose of the deposit was to conceal or disguise proceeds among legitimate funds). "Facilitation occurs when the property makes the prohibited conduct 'less difficult or more or less free from obstruction or hindrance.'" *Id.* (quoting *United States v. Schifferli*, 895 F.2d 987, 990 (4th Cir. 1990)); *United States v. Seher*, 562 F.3d 1344 (11th Cir. 2009)(clean money in bank account into which jeweler deposited money from drug dealers as part of concealment money laundering offense was forfeitable because it gave the transaction a façade of legitimacy); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000)(all proceeds of business that were used to bankroll the money laundering operation, including portions derived from legitimate business activities, the business itself, as the location from which the money

laundering scheme was directed, forfeitable as property used to facilitate the offense); *United States v. Puche*, 350 F.3d 1137 (11th Cir. 2003)(following *Tencer*, clean money in money remitter's bank account was used to conceal or cover the sting money that the remitter thought he was laundering for undercover agents; court-ordered forfeiture of the amount of commissions and money judgment for amount facilitating property affirmed); *United States v. McGauley*, 279 F.3d 62 (1st Cir. 2002)(withdrawal of $243,000 from various bank accounts that contained commingled funds, of which only $55,000 was fraud proceeds, supported forfeiture of entire amount because the clean money was used to conceal or disguise the tainted funds).

## BACKGROUND INVESTIGATION

18.     In June 2022, HSI Border Enforcement Security Task Force (BEST) Upstate Carolinas, working in conjunction with ATF, the USMS, the Spartanburg County Sheriff's Office, and the South Carolina Law Enforcement Division (SLED), initiated an investigation targeting the Drug Trafficking/Money Laundering Organization (DTMLO) led by Terrance BOBO, Maurice RICE, and Michael JACOBS for the alleged trafficking of kilogram quantities of cocaine, methamphetamine, fentanyl, and heroin in the Upstate of South Carolina and Western North Carolina.

## PROBABLE CAUSE

19.     From August 14, 2023, to November 15, 2023, pursuant to Court Orders issued by United Stated District Judge Donald C. Coggins, Jr., District of South Carolina, HSI initiated and monitored Title-III intercepts of wire and electronic communications occurring over cellular devices utilized by Maurice CANTY, JACOBS, and RICE.

20. On November 7, 2023, a federal grand jury in the District of South Carolina issued a true bill indictment of BOBO, RICE, JACOBS, CANTY, Devin LITTLEJOHN, Maurice SUBER, Daniel GREGORY, Shuler HOLMES, James FOSTER, Jahid WARDEN, Danny GOODE, Jr., and Kevin JETER for violation of Title 21, United State Code, Section 846, Conspiracy to Commit Drug Trafficking. Additionally, BOBO, RICE, JACOBS, and CANTY were indicted for violation of Title 18, United States Code, Section 1956(h), Conspiracy to Commit Money Laundering.

21. On November 15, 2023, law enforcement arrested BOBO, RICE, JACOBS, SUBER, GREGORY, FOSTER, and JETER pursuant to federal arrest warrants in the District of South Carolina for the aforementioned violations.

22. On the same date, law enforcement executed a federal search warrant at JACOBS's residence, located at 265 Meadow Blossom Way, Simpsonville, SC. The search warrant resulted in the discovery of approximately thirteen (13) kilograms of suspected cocaine/fentanyl mixture, approximately 740 grams of suspected heroin, and $510,277.00 US currency from JACOBS.

23. On November 16, 2023, authorized his attorney, Judea Davis, to execute DHS Form 4607 – Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized Merchandise for the following associated bank accounts on his behalf:

24.   (a)   All funds on deposit in Signature Bank/Flagstar Bank accounts held by Michael Tyrone Jacobs
Signature Bank/Flagstar Bank
1400 Broadway, 16th Floor
New York, NY 10018

  (b)   All funds on deposit in M&T Bank accounts held by Michael Tyrone Jacobs
M&T Bank
P.O. Box 844
Buffalo, NY 14240-0844

(c)     All funds on deposit in JP Morgan Chase Bank accounts held by Michael Tyrone Jacobs
JP Morgan Chase
700 Kansas Lane
Monroe, LA 71203

(d)     All funds on deposit in Green Dot Corporation accounts held by Michael Tyrone Jacobs
Green Dot Corporation
P.O. Box 1460
West Chester, OH 45071

(e)     All funds on deposit in Goldman Sachs Bank accounts held by Michael Tyrone Jacobs
Goldman Sachs
200 West Street, 15th Floor
New York, NY 10282

(f)     All funds on deposit in First Bank and Trust accounts held by Michael Tyrone Jacobs
First Bank and Trust
520 6th Street
Brookings, SD 57006

(g)     All funds on deposit in Choice Financial Group accounts held by Michael Tyrone Jacobs
Choice Financial Group
4501 23rd Avenue South
Fargo, ND 58104

(h)     All funds on deposit in Bancorp Bank accounts held by Michael Tyrone Jacobs
Bancorp Bank
409 Silverside Road, Suite 105
Wilmington, DE 19809

(i)     All funds on deposit in Ally Bank accounts held by Michael Tyrone Jacobs
Ally Bank
215 South State Street, Suite 1000
Salt Lake City, UT 84111

(j)     All funds on deposit in Truist Bank account number xxxx5528 held by Michael Tyrone Jacobs
Truist Bank
4320 Kahn Drive
Lumberton, NC 28358

(k)  All funds on deposit in Bank of America account number xxxx3779 held by
     Michael Tyrone Jacobs
     Bank of America
     800 Samoset Drive
     DE5-024-02-08
     Newark, DE  19713

(l)  All funds on deposit in Navy Federal Credit Union account number
     xxxx2853 held by Michael Tyrone Jacobs
     Navy Federal Credit Union
     820 Follin Lane SE
     Vienna, VA  22180

(m)  All funds on deposit in Capital One account number xxxx6764/1524 held
     by Michael Tyrone Jacobs
     Capitol One
     15000 Capital One Drive
     Richmond, VA  23238

(n)  All funds on deposit in Wells Fargo Bank account number xxxx1406 held
     by Michael Tyrone Jacobs
     Wells Fargo (Case Number: 96697523)
     Legal Order Processing
     MACD1111-01A
     P.O. Box 1416
     Charlotte, NC  28201

(o)  All funds on deposit in Sutton Bank account number xxxx0157 held by
     Michael Tyrone Jacobs
     Sutton Bank
     1 South Main Street
     Attica, OH  44807

(p)  All funds on deposit in Mercury Capital account number xxxx3279 held by
     Michael Tyrone Jacobs
     North Sydney
     New South Wales, Australia

(q)  All funds on deposit in Founders Federal Credit Union account number
     xxxx9846  held by Michael Tyrone Jacobs
     Founders Federal Credit Union
     737 Plantation Road
     Lancaster, SC  29720

## CONCLUSION

25.     Based on the foregoing, I believe there is probable cause to seize for forfeiture all of the funds from the SUBJECT ACCOUNTS pursuant to Title 18, U.S.C., § 981(a)(1), 982(a)(1) as property involved in money laundering and pursuant to Title 21, U.S.C. § 853, 881 as proceeds of drug trafficking. To the extent that the funds presently in the SUBJECT ACCOUNTS are not directly traceable to such violations, they represent identical property found in the same place or account from which the property involved in the offense was removed, within one year, and are therefore subject to forfeiture pursuant 18 U.S.C. § 984.

26.     Based on my training and experience, I know that restraining orders served on banks sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account holder. In contrast, where electronic funds are concerned, a seizure warrant guarantees that the funds will be in the Government's custody once the warrant is served.

This affidavit has been reviewed and approved by Assistant US Attorney Carrie Fisher Sherard.

Paul N. Criswell
Special Agent
Department of Homeland Security
Homeland Security Investigations
Border Enforcement Security Task Force (BEST)

Sworn and subscribed before me, this __8__ day of January 2024, at Greenville, SC.

Kevin F. McDonald
United States Magistrate Judge
District of South Carolina